**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JOSHUA CROFT,<br><br>        Defendant. | 2:13-cr-00019-RCJ-GWF<br><br>**ORDER** |

A grand jury indicted Defendant of conspiracy to interfere with commerce by robbery, brandishing a firearm in furtherance of a crime of violence, and five counts each of interference with commerce by robbery and brandishing a firearm during a crime of violence. In Case No. 2:13-cr-54, the grand jury also indicted Defendant for a single count of witness tampering with respect to the indictment in the present case. Defendant pled guilty pursuant to a consolidated plea agreement, and the Court sentenced him to 71 months imprisonment each for witness tampering, conspiracy to interfere with commerce by robbery, and one count of interference with commerce by robbery, the sentences to run concurrently to one another but consecutively as to Defendant's 84-month sentence for brandishing a firearm in furtherance of a crime of violence and as to any sentence to be pronounced in Case No. C283556 in the Eighth Judicial District Court of Nevada. The Court denied a habeas corpus motion under 28 U.S.C. § 2255 based on alleged ineffective assistance of counsel. Defendant filed a consolidated notice of appeal. Both this Court and the Court of Appeals denied a certificate of appealability.

The Court of Appeals has granted Defendant leave to file a successive habeas corpus motion. Defendant argues that his conviction under Count 2 for possession of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A) was unconstitutional because the definition of "crime of violence" upon which § 924(c)(1)(A) relies is unconstitutionally vague. The underlying "crime of violence" for Count 2 was conspiracy to interfere with commerce by robbery under 18 U.S.C. § 1951 ("Hobbs Act robbery"). An identical residual clause has been ruled unconstitutionally vague by the Court of Appeals, *see Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, *Lynch v. Dimaya*, 137 S. Ct. 31 (Sept. 29, 2016), but no court of appeals appears to have decided whether the physical force clause of § 924(c)(3)(A) applies to conspiracy to commit Hobbs Act robbery. The district courts are divided. *See, e.g.*, *United States v. McCoy*, --- F. Supp. 3d ----, 2017 WL 375052, at *6 (W.D.N.Y. 2017) (collecting cases). The Court tends to agree with a post-*Johnson* ruling of a sister court in this District that conspiracy to commit Hobbs Act robbery is a crime of violence. *See United States v. Wright*, 2015 WL 9958034, at *2–3 (D. Nev. Dec. 24, 2015) (Gordon, J.).

Moreover, the current motion can be decided on narrower grounds, as recently explained by Judge Blackburn of the District of Colorado. *See United States v. Bowen*, --- F. Supp. 3d ----, 2017 WL 131794, at *3–4 (D. Colo. 2017) (denying a § 2255 motion challenging the residual clause of § 924(c)(3)(B)). Here, as there, the motion has not been brought within one year of the date on which the conviction became final. *See* 28 U.S.C. § 2255(f)(1). Nor can Defendant (yet) rely on § 2255(f)(3), because the Supreme Court has not yet recognized the right Defendant seeks to vindicate. That is, the Supreme Court in *Johnson* only invalidated the residual clause of § 924(e)(2)(B)(ii), not the differently worded residual clause of § 924(c)(3)(B) at issue here. Unless and until the Supreme Court does so, the one-year window for filing a § 2255 motion will not reopen.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 (ECF Nos. 102, 104) are DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: This 24th day of May, 2017.

_____
ROBERT C. JONES
United States District Judge